NIMMONS, Judge.
This is an appeal from an order denying as legally insufficient the defendant’s Fla. R.Crim.P. 3.850 motion. We affirm.
The defendant’s motion relied upon “newly discovered evidence” in the form of an affidavit of one Daniel Balkcom who stated that he and another person committed the subject armed robbery in February, 1981, and that the defendant was not involved in the crime.
A 3.850 motion for postconviction relief in the trial court is an inappropriate vehicle to raise a claim of newly discovered evidence. The appropriate remedy is by petition for writ of error coram nobis filed in the appellate court which previously entertained the direct appeal from the defendant’s conviction. Hallman v. State, 371 So.2d 482 (Fla.1979); Williams v. State, 421 So.2d 26 (Fla. 1st DCA 1982). Although the trial court was without jurisdiction to entertain the defendant’s motion we, as the appellate tribunal which per curiam affirmed the defendant’s judgment and sentence, Gilliam v. State, 426 So.2d 30 (Fla. 1st DCA 1983), will treat the instant appeal as a petition for writ of error coram nobis. Hallman, supra at 483.
In Smith v. State, 400 So.2d 956 (Fla.1981), the Court summarized the requirements which a petition must satisfy in order to entitle the petitioner to the issuance of the writ:
In considering whether to grant Smith’s petition for leave to file a petition for error coram nobis, we must determine the legal effect of the alleged facts upon the previously entered judgment. In Hallman v. State, 371 So.2d 482 (Fla.1979), we set out the specific requisites of a petition for the writ addressed to the appellate court. The alleged facts relied upon must be fully disclosed since the appellate court must he afforded full opportunity to determine whether prima facie grounds are established. Furthermore, the evidence upon which the alleged facts can be proved and the source of the evidence must be asserted. The facts alleged must not have been known by the court, by the party, or by counsel, at the time of trial, and it must be made clear that defendant or his counsel could not have discovered them through the use of due diligence. In determining the sufficiency of the application, we apply a strict test of conclusiveness predicated on the need for judicial finality. To warrant the granting of relief, the petition must allege facts of such a vital nature that, had they been known to the trial court, they conclusively would have prevented entry of the judgment. Hallman v. State, 371 So.2d at 485.
Id. at 960 (emphasis in original).
Under the above standard, the defendant’s motion is deficient in several respects, the most significant being the failure to allege facts which, if known to the trial court, would conclusively have prevented entry of the judgment. Our review of the record in the defendant’s direct appeal to this Court shows that the victim of the robbery identified the defendant as one of the two perpetrators. Even if Mr. Balk-com had been available as a defense witness to testify that he, Balkcom, committed the robbery with someone other than the defendant, it certainly cannot be said that such testimony conclusively would have prevented the conviction of the defendant. Even if one were to say that such testimony may — indeed, even probably — have changed the jury’s verdict, such would not be sufficient to satisfy the requirements under coram nobis. Tafero v. State, 406 So.2d 89 (Fla. 3d DCA 1981).[1] This result — denial of even a hearing notwithstanding the affidavit of a third person purporting to exonerate the defendant— may, to some, seem harsh. However, there is good reason for the strict standard applicable to coram nobis. Not only is such standard necessary to achieve finality in criminal proceedings, Hallman v. State, *58 supra at 485, but the relaxation of such standard would be an open invitation to those who, for a variety of reasons, would have no compunction against attempting to perpetrate a fraud upon the Court.
As suggested above, there are other deficiencies in the defendant’s motion which alone would preclude the issuance of the writ. However, in view of the fatal deficiency discussed above, we need not treat the others.
AFFIRMED.
MILLS and WIGGINTON, JJ., concur.

. We recognize that the “conclusive test" applicable to coram nobis is different from the “probability test” applicable to timely motions for new trial. Tafero, supra at 93.